IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 4:20-CR-00121 |
| | : | |
| RICKY LONG | : | JUDGE MATTHEW W. BRANN |
| | : | |
| | : | ELECTRONICALLY FILED |

**DEFENDANT'S MOTION TO COMPEL DISCOVERY PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(a)(1)(A), (B) AND (E)**

Defendant Ricky Long by and through his undersigned counsel, hereby moves pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A), (B) and (E) for this Honorable Court to order the Government to allow Defendant to inspect, photograph and copy those items within its possession, constructive possession, custody or control as outlined below. Ricky Long states the following in support thereof:

1. On June 16, 2020 a fifteen-count Indictment was entered against Defendant Ricky Long. (ECF No. 2.)

2. On August 5, 2020, Ricky Long was arraigned and entered a plea of not guilty and was released on his own recognizance. (ECF No. 12.)

3.  On July 30, 2020, the undersigned counsel entered their appearance on behalf of Ricky Long. (ECF Nos. 7, 8 & 10.)

4.  On August 5, 2020, a Scheduling Order was issued by The Honorable Matthew W. Brann establishing a trial date and pretrial deadlines. (ECF No. 14.)

5.  The Order requires a discovery conference between the parties and requires the government to permit the "attorney for the defendant to inspect and copy or photocopy any relevant written or recorded statement or confessions" to "inspect and copy . . . books, papers, documents, tangible objects . . . ." See Order paragraph 4(D).

6.  Defense counsel requested of the prosecutor the production of the entire civil IRS Collections filed with respect to Mr. Long and his companies.

7.  The prosecution denied Mr. Long's request. Instead, the prosecution said that the prosecution had to first review the records with respect to the IRS Collections filed with respect to Mr. Long and his companies.

8.  The defense respectfully disagrees with the prosecution's position and asserts that the government has no good-faith basis to suppress any of the IRS Collections filed with respect to Mr. Long and his companies.

9.  The prosecution made a partial production from the IRS Collections file with respect to Mr. Long and his companies on August 14, 2020; however, the Government redacted key portions of the Collections file. The defense respectfully

objects to the government's redaction of the Collections file and asserts that there is no good faith basis to do so.

    10.    Federal Rule of Criminal Procedure 16, inter alia, states the following:

> Rule 16. Discovery and Inspection
> (a) Government's Disclosure.
> (1) Information Subject to Disclosure.
> (A) Defendant's Oral Statement. Upon a defendant's request, the government must disclose the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response knew was a government agent if the government intends to use the statement at trial.
> (B) Defendant's Written or Recorded Statement. Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>   (i) any relevant written or recorded statement by the defendant if:
> - The statement is within the government's possession, custody or control; and
> - The attorney for the government knows – or through due diligence could know – that the statement exists;
> 
>   (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and
>   (iii) the defendant's recorded testimony before a grand jury relating to the charged offense.
>
>           *   *   *
>
> (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objections, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control and:

      (i)  the item is material to preparing the defense;
      (ii)  the government intends to use the item in its case-in-chief at trial; or
      (iii)  the items was obtained from or belongs to the defendant.

11.    Mr. Long asserts that based upon Federal Rule of Criminal Procedure 16, the Government must immediately produce all the records, reports, memoranda, and communications internal and external to the IRS Collections files related to Ricky Long, Eye Spy Security and Warm Hearts Home Care Agency, Inc.

WHEREFORE, for the reasons set forth herein and as explained more fully in the accompanying Memorandum of Law, it is requested that the Court require the Government to allow Ricky Long to inspect, photograph, and copy those items within their possession, constructive possession, custody or control outlined above.

                             Respectfully submitted,

                             /s/ Patrick A. Casey
                             Patrick A. Casey
                             John B. Dempsey
                             Richard L. Armezzani

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200          Attorneys for Defendant,
Scranton, PA  18503                   Ricky Long
570-342-6100

Date:  August 20, 2020

## CERTIFICATE OF NON-CONCURRENCE

I, Patrick A. Casey, hereby certify that I sought the concurrence of Assistant U.S. Attorney Todd K. Hinkley in this Motion. Mr. Hinkley does not concur in this Motion.

/s/ Patrick A. Casey
Patrick A. Casey

Date:  August 20, 2020

## **CERTIFICATE OF SERVICE**

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Motion to Compel Discovery was served upon the following counsel of record via the Court's ECF system on this 20th day of August 2020.

>Todd K. Hinkley Esquire
>U.S. Attorney's Office
>P.O. Box 309
>235 North Washington Avenue
>Scranton, PA 18501

>/s/ Patrick A. Casey
>Patrick A. Casey