# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 4:20-CR-00121 |
| | : | |
| RICKY LONG | : | JUDGE MATTHEW W. BRANN |
| | : | |
| | : | ELECTRONICALLY FILED |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S <u>MOTION TO COMPEL DISCOVERY</u>

Patrick A. Casey
John B. Dempsey
Richard L. Armezzani
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503

Attorney for Defendant,
Ricky Long

# I. INTRODUCTION

The Internal Revenue Service (IRS) utilized its civil Collections Division to obtain statements from the Defendant Ricky Long between 2013 and 2017 which the prosecution intends to present to the criminal petit jury in the trial of the instant matter. The defense has requested the entire file, memoranda and communications by the Collections Division regarding Ricky Long, Eyes Spy Security and Warm Hearts Home Health Care Agency, Inc.

# II. FACTUAL AND PROCEDURAL HISTORY

On June 16, 2020 a fifteen-count Indictment was entered against Defendant Ricky Long. (ECF No. 2.)

On August 5, 2020, Ricky Long was arraigned and entered a plea of not guilty and was released on his own recognizance. (ECF No. 12.)

On July 30, 2020, the undersigned counsel entered their appearance on behalf of Ricky Long. (ECF Nos. 7, 8 & 10.)

On August 5, 2020, a Scheduling Order was issued by The Honorable Matthew W. Brann establishing a trial date and pretrial deadlines. (ECF No. 14.)

The Order requires a discovery conference between the parties and requires the government to permit the "attorney for the defendant to inspect and copy or photocopy any relevant written or recorded statement or confessions" to "inspect and copy . . . books, papers, documents, tangible objects . . . ." See Order paragraph 4(D). Counsel for the government and the defense have had multiple communications regarding the production of Rule 16 materials. The government has produce some materials and is endeavoring to collect and produce additional materials.

Defense counsel requested of the prosecutor the production of the entire civil IRS Collections filed with respect to Mr. Long and his companies.

The prosecution denied Mr. Long's request. Instead, the prosecution said that the prosecution had to first review the records with respect to the IRS Collections filed with respect to Mr. Long and his companies.

The defense respectfully disagrees with the prosecution's position and asserts that the government has no good-faith basis to suppress any of the IRS Collections filed with respect to Mr. Long and his companies.

The prosecution made a partial production from the IRS Collections file with respect to Mr. Long and his companies on August 14, 2020; however, the Government redacted key portions of the Collections file. The defense respectfully

objects to the government's redaction of the Collections file and asserts that there is no good-faith basis to do so.

Federal Rule of Criminal Procedure 16, inter alia, states the following:

> Rule 16. Discovery and Inspection
> (a) Government's Disclosure.
> (1) Information Subject to Disclosure.
> (A) Defendant's Oral Statement. Upon a defendant's request, the government must disclose the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response knew was a government agent if the government intends to use the statement at trial.
> (B) Defendant's Written or Recorded Statement. Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
> (i) any relevant written or recorded statement by the defendant if:
> - The statement is within the government's possession, custody or control; and
> - The attorney for the government knows – or through due diligence could know – that the statement exists;
> (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and
> (iii) the defendant's recorded testimony before a grand jury relating to the charged offense.
>
> \* \* \*
>
> (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objections, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control and:

4

(i) the item is material to preparing the defense;
(ii) the government intends to use the item in its case-in-chief at trial; or
(iii) the items was obtained from or belongs to the defendant.

Mr. Long asserts that based upon Federal Rule of Criminal Procedure 16, the Government must immediately produce all the records, reports, evaluations and interviewed communications in the IRS Collections files related to Ricky Long, Eye Spy Security and Warm Hearts Home Care Agency, Inc.

## III. ISSUE

Whether the Government is obligated to produce to the defense the entire IRS Collections file related to the Defendant Ricky Long, Eye Spy Security and Warm Hearts Home Care Agency, Inc. which are material to the instant prosecution?

Answer: Yes

## IV. ARGUMENT

The prosecution acquired the entire IRS Collections file with respect to Ricky Long, Eye Spy Security and Warm Hearts Home Care Agency, Inc. The file is not subject to law enforcement confidentiality protection as the civil Collections Division of the IRS is not a law enforcement agency. The allegations of the

5

Indictment are that Mr. Long had a legal duty to file reports of employment tax withheld as well as a duty to deposit those funds with the IRS. The records at issue directly relate to the issue whether Mr. Long filed Forms 941, whether deposits were made to the IRS, and, if neither was done, why was it not done. It is apparent from the limited information already collected that IRS Collections had multiple communications and direct contact with Mr. Long regarding Eye Spy Security and Warm Hearts during the entire period of the Indictment. These records are directly "relevant to the preparation [his] defense." *United States v. Liebert*, 519 F.2d 542, 547 (3d Cir. 1975). The evidence sought is not only material to the defense, but also exculpatory to the Defendant as it evidences that he was not aware that the accountant failed to pay the taxes which are at issue. *Brady v. Maryland*, 373 U.S. 83 (1963). Moreover, Rule 16 (E) clearly mandates that Mr. Long be afforded the opportunity to copy these records unredacted:

> (E) Documents and Objects. Upon a defendant's request, *the government must* permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objections, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the items was obtained from or belongs to the defendant.

See Fed. R. Crim. P. 16(a)(1)(E) (emphasis added).

It is respectfully requested that on the basis of the authority above, the Court order the prosecution to produce the entire IRS Collection related to Ricky Long, Eye Spy Security and Warm Hearts Home Care Agency, Inc. without redaction.

## **CONCLUSION**

For the reasons set forth herein, we respectfully request that the Court enter an Order granting Ricky Long's Motion to Compel Discovery Pursuant to Federal Rule of Civil Procedure 16(a)(1)(A), (B) and (E).

Respectfully submitted,

/s/ Patrick A. Casey
Patrick A. Casey
John B. Dempsey
Richard L. Armezzani

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
570-342-6100

Attorneys for Defendant,
Ricky Long

Date: August 20, 2020

## CERTIFICATE OF SERVICE

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Compel Discovery Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A), (B) and (E), was served upon the following counsel of record via the Court's ECF system on this 20th day of August 2020.

        Todd K. Hinkley, Esquire
        U.S. Attorney's Office
        P.O. Box 309
        235 North Washington Avenue
        Scranton, PA 18501

        /s/Patrick A. Casey
        Patrick A. Casey